In our opinion, respondent’s *843 grantee did not agree to complete the road improvements within a reasonable time after the making of the contracts or the transfer of title, but rather within sixty days after the completion óf an apartment house to he constructed on the parcel. However, she may not escape her obligation and prevent the commencement of the sixty-day period by failing to complete or even commence construction of the apartment building. In view of the fact that the contract of November 5, 1947, did not specify a date for completion of the building, at which time the sixty-day period was to commence, we are of opinion that the parties thereto contemplated the construction of the building to be completed, and, therefore, the sixty-day period to commence, within a reasonable time after the making of that contract or the closing of title. The complaint does not allege that a period of sixty days" has elapsed after the passing of reasonable time for construction of the building, but only that more than a reasonable time has elapsed for completion of both the building and the road improvement. It is our further opinion that the complaint, as pleaded, does not show that the promise to improve the road went “ to the root of the contract ”, by any factual allegations. (See Callanan v. Keeseville, Ausable Chasm, & Lake Champlain R. R. Co., 199 N. Y. 268, 284.) Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur.